UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TAMMY J. LAWSON | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-276 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

### **MEMORANDUM OPINION**

The plaintiff Tammy J. Lawson filed a motion for summary judgment on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for supplemental security income under the Social Security Act. The defendant also filed a motion for summary judgment.

Ms. Lawson was born in 1960 and was 42 years old at the time of her first administrative hearing.[1] [Tr. 17, 36]. She graduated high school and had relevant past work experience as a school bus driver, van driver, fast food worker, and clerk/cashier. [Tr. 17, 365]. Ms. Lawson alleged she was disabled as of January 1, 2002, from degenerative disc disease, bulging discs, cataracts, and depression. [Tr.

---

[1] Ms. Lawson died on August 24, 2004. [Doc. 12]. Her daughter and son have been substituted as plaintiffs. [Doc. 14].

17]. Based upon a finding that Ms. Lawson's impairment was severe but not severe enough, the Administrative Law Judge [ALJ] found that Ms. Lawson was not disabled as defined by the Social Security Act. [Tr. 18].

At Ms. Lawson's administrative hearing held on April 23, 2003, the testimony of Ms. Lawson was received into evidence. [Tr. 365-78]. She testified that she last worked as a school bus driver in January 2002. [Tr. 365, 366]. She left her job at that time because it became hard for her to perform her duties. [Tr. 366]. For the past 18 years, she had been under medical care for back problems such as a bulging disc, arthritis, and degenerative disc disease. [Tr. 365-66]. Ms. Lawson testified she did "nothing" during the day; she simply rested on the couch. [Tr. 368]. She also testified that because of her pain and inability to be productive, she had become depressed over the years. [Tr. 372].

An additional administrative hearing was held on September 23, 2003, and the testimony of medical expert Dr. Susan Bland, medical expert Dr. Thomas Schacht, and vocational expert Dr. Robert Spangler was received into evidence. [Tr. 383-93]. Dr. Bland testified that she did not think Ms. Lawson met or equaled the requirements for disability. [Tr. 384]. Ms. Lawson did, however, have some severe impairments which would cause work-related restrictions, including degenerative changes in her lumbar spine with some mild narrowing in the canal, facet hypertrophy, and ligament

2

hypertrophy. [*Id.*]. As a result, Dr. Bland testified that Ms. Lawson would be limited to lifting/carry 20 pounds occasionally and 10 pounds frequently. [*Id.*]. The doctor also testified that Ms. Lawson should have been restricted to no repetitive bending and stooping, and, because of the amount of medications she took, she should have been limited as far as using hazardous machinery or tools, climbing ladders, platforms, and driving a company vehicle. [*Id.*].

Medical expert Dr. Thomas Schacht testified next. [Tr. 385-87]. According to the doctor, he was unable to determine from the medical record if Ms. Lawson met or equaled a listing impairment for disability "because of concerns about the accuracy and reliability of information." [Tr. 385]. Dr. Schacht noted there was evidence in the medical record that Ms. Lawson might have been improperly taking her prescribed medications as well as evidence of irregularity in drug tests she was administered. [*Id.*]. There was also evidence, according to the doctor, that Ms. Lawson quit attending one pain clinic because she became angry at being called in for a drug test, and she was rejected by a second pain clinic after a review of her records. [Tr. 386]. In addition, the doctor also had concerns about the effort put forth by Ms. Lawson on intellectual functioning tests. [Tr. 387]. The poor results from those tests were in stark contrast to Ms. Lawson's school records. [*Id.*].

Vocational expert Dr. Robert Spangler testified next. [Tr. 391-93]. The

vocational expert was asked by the ALJ to consider a younger person of average intelligence with a twelfth grade education who was limited to light work and should not perform repetitive stooping or bending and should avoid climbing ladders, unprotected heights, hazardous machinery, and driving moving vehicles. [Tr. 391]. Such a person could, according to the vocational expert, work as a cashier, interviewer, information clerk, factory messenger, inventory clerk, general office clerk, and non-construction laborer. [Tr. 392]. If such a person was moderately to markedly impaired in her ability to interact appropriately with the public, respond appropriately to change and routine, and carry out, understand, and remember detailed instructions, there would be no positions for her. [*Id.*].

The ALJ ruled that Ms. Lawson was not disabled because her degenerative disc disease with low back pain was severe but not severe enough. [Tr. 18]. The ALJ then found she retained the residual functional capacity [RFC] to perform light work, although he did restrict her from performing repetitive stooping or bending. [Tr. 22]. Ms. Lawson, according to the ALJ, should also avoid climbing ladders, unprotected heights, hazardous machinery, and driving moving vehicles. [*Id.*]. Based on her RFC, the ALJ found Ms. Lawson could not return to her past relevant work, but she could work as a cashier, interviewer, information clerk, invoice clerk, factory messenger, general office clerk, and non-construction laborer. [Tr. 24, 26].

4

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Lawson requested summary judgment and challenged the ALJ's conclusion that her musculoskeletal impairments did not meet the disability requirements. The ALJ found that Ms. Lawson's degenerative disc disease was not a severe enough impairment to warrant a finding of disability. [Tr. 18]. The ALJ based his decision, in part, on the results of a 1999 MRI examination of Ms. Lawson's lumbar spine, which showed "only mild spinal stenosis at L4-5 secondary to a degenerative broad-based disc bulge, ligamentum flavum thickening, and hypertrophic changes of the facet joints." [*Id*.]. The ALJ also noted that Ms. Lawson was typically treated conservatively with suggestions for exercise and medication. [*Id*.]. In addition, the

5

ALJ based his decision on Ms. Lawson's questionable use of narcotics to deal with her back pain, including a drug test which indicated she was not taking her medication as prescribed and being discharged from a pain clinic. [Tr. 18-19]. Based on the foregoing, the ALJ's decision that Ms. Lawson's degenerative disc disease was not severe enough was based on substantial evidence.

Ms. Lawson also challenged the ALJ's conclusion that her mental disorders did not meet the disability requirements. She contended that her affective disorder and her personality disorder were severe enough to warrant findings of disability. The ALJ, however, found that the record before him "failed to establish a severe mental impairment that required extensive, ongoing treatment." [Tr. 20]. To support that finding, the ALJ noted a history of conservative medication treatment, an indication that Ms. Lawson may have trouble interacting with people and performing detailed and complex work, a poor effort exerted during psychological testing, a lack of evidence in the record that Ms. Lawson had required treatment by a mental health professional, an exaggeration of symptoms, and her failure to follow-up on recommendations to seek psychiatric care. [Tr. 20-23]. The ALJ's decision was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Ms. Lawson's motion for summary judgment will be denied, the defendant's
6

motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

 s/Thomas Gray Hull  
THOMAS GRAY HULL  
   SENIOR U. S. DISTRICT JUDGE